**Julio Enok ACUNA CHINCHILLA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71646.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2008.*

Filed Jan. 14, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jorge Ivan Rodriguez–Choi, Esquire, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. MaClachlan, Mark A. Maldonado, Esquire, William C. Minick, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, McKEOWN and N.R. SMITH, Circuit Judges.

## MEMORANDUM [**]

■ Julio Enok Acuna Chinchilla appeals the denial of his application for asylum and withholding of removal. To establish eligibility for asylum, Acuna Chinchilla must establish that he is "unwilling or unable to return to his country of origin because of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Deloso v. Ashcroft,* 393 F.3d 858, 863 (9th Cir.2005) (quoting 8 U.S.C. § 1101(a)(42)(A)). Acuna Chinchilla must also establish that the persecution was at the hands of either government actors or actors the government is unable or unwilling to control. *See Avetova–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000).

■ In support of his asylum claim, Acuna Chinchilla presented evidence that

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his brother was killed by acquaintances and that guerillas attacked his family. As the Immigration Judge (IJ) noted, Acuna Chinchilla did not establish any connection between his brother's death and any protected ground, nor did he establish that the government was unable or unwilling to control the men who killed his brother. As for the guerilla violence against Acuna Chinchilla's family, even if this constitutes past persecution, he testified that he was not afraid of the guerillas. Actively denying that he has a fear of future persecution necessarily defeats his asylum claim. Therefore, substantial evidence supports the IJ's determination that Acuna Chinchilla is not eligible for asylum.

Acuna Chinchilla also applied for withholding of removal. To qualify for withholding of removal, he bears a higher burden of proof: he must show that there is a "clear probability" that he "would be subject to persecution on one of the specified grounds." *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (citations omitted). Because he cannot satisfy the lower burden of proof to establish eligibility for asylum, his claim for withholding of removal also fails. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

B. FLETCHER, Circuit Judge, concurring:

I specially concur. I do so to highlight the tragic result for Acuna Chinchilla stemming from the abysmal representation he received at every stage of his proceedings before the agency and this court.

Beginning with the proceedings before the Immigration Judge (IJ), his counsel failed to develop the factual record to support Acuna Chinchilla's claim for withholding under the Convention Against Torture (CAT). Subsequently, Acuna Chinchilla was represented before the BIA by new counsel who failed to appeal his Torture Convention claim for withholding under CAT or to assert a claim for ineffective assistance of counsel before the IJ. Finally, in the petition for rehearing before our court, Acuna Chinchilla was represented by a third attorney who yet again failed to appeal his Torture Convention withholding claim and requested not to appear for oral argument. This court has "recognized that litigants in removal proceedings rely heavily on their attorney's advice," *Nehad v. Mukasey*, 535 F.3d 962, 967 (9th Cir. 2008), as "'[t]he proliferation of immigration laws and regulations has aptly been called a labyrinth that only a lawyer could navigate.'" *Id.* (quoting *Biwot v. Gonzales*, 403 F.3d 1094, 1098 (9th Cir.2005)). On the record before us, we have no capacity to grant relief to Acuna Chinchilla.